CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 06 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL A. WEBB, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00345 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACY S. RAY, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Michael A. Webb, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Warden of Red Onion State Prison, Tracy S. Ray; the prison's dentist, Dr. Bailey; and his dental assistant, Miss Messen. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

### Background

The plaintiff is incarcerated at Red Onion. He alleges that on January 18, 2005, he discovered that he had a cavity in one of his upper back teeth, after the tooth was chipped by a piece of ice. After assessing the problem himself, the plaintiff decided to utilize the prison's procedure for requesting medical attention. The plaintiff was advised that he would be seen by the prison's dentist, Dr. Bailey.

The plaintiff was not examined by Dr. Bailey until July 12, 2005. The plaintiff alleges that during the initial examination, Dr. Bailey "affirmed [his] speculation that [he] had a major and minor cavity." However, Dr. Bailey only provided a temporary filling for the major cavity,

---

*This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

and advised the plaintiff that he would be rescheduled for another appointment.

The plaintiff returned to Dr. Bailey on October 14, 2005. The plaintiff alleges that during the examination, Dr. Bailey and his assistant, Miss Messen, acted inappropriately by "entertaining other staff in conversation," while they filled the plaintiff's cavities. The plaintiff also alleges that Dr. Bailey tightly pulled on the plaintiff's lips, mouth, and jaw, and that the dental assistant improperly used an instrument that siphoned out unwanted liquid from the plaintiff's mouth. The plaintiff contends that the instrument caused a blood blister on the left side of his upper lip, and that he later felt two cuts in his mouth from the dental work. The plaintiff also contends that one of his fillings is "ill-fitted," resulting in a "slitly [sic] painful and uncomfortable effect" in his upper jaw.

## Discussion

In order to establish a constitutional violation for inadequate medical treatment, an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are

alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Additionally, a medical treatment claim cannot be brought against a supervisory official unless the plaintiff shows that the official was personally involved with the denial of medical treatment, deliberately interfered with the prison physician's performance, or tacitly authorized or was indifferent to the physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim for deliberate indifference against the dental defendants. While the plaintiff may disagree with Dr. Bailey's assessment of his dental problems, or the type of treatment that was ultimately provided, such disagreements fail to state a claim for deliberate indifference. See Wright, 766 F.2d at 849. Even assuming that Dr. Bailey or his assistant acted negligently in examining or treating the plaintiff, neither negligence nor malpractice is actionable under § 1983. See Estelle, 429 U.S. at 105.

The court also concludes that the plaintiff's complaint fails to state a claim for deliberate indifference against Warden Ray. There is simply no indication that the Warden was personally involved with the denial of dental treatment. See Miltier, 896 F.2d at 851-52. Moreover, the plaintiff makes no allegation that the Warden interfered with the treatment provided by Dr. Bailey, or that he tacitly authorized the dentist to provide grossly incompetent treatment. See Id.

To the extent the plaintiff challenges the delay in obtaining dental treatment, the plaintiff's allegations fail to state a claim of constitutional magnitude. The plaintiff does not allege facts which would indicate that he suffered dental problems that mandated immediate treatment at any point between January and July of 2005, or that the defendants knowingly disregarded an excessive risk to his dental health. Moreover, there is no indication that the delay

3

in obtaining treatment exacerbated his dental problems or otherwise caused substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 6th day of June, 2006.

_____
United States District Judge